UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAMIEN DARNELL HARRIS,<br><br>Petitioner,<br><br>v.<br><br>MIKE OBENLAND,<br><br>Respondent. | CASE NO. C15-5191 RJB-JRC<br><br>ORDER OVERRULING PETITIONER'S OBJECTIONS AND AFFIRMING ORDERS OF THE MAGISTRATE JUDGE |

This matter comes before the court on petitioner's objections to an order/orders of the magistrate judge. Dkt. 20. The court has considered the objections and the remainder of the file herein.

On April 9, 2015, petitioner filed a petition for writ of habeas corpus (Dkt. 5), along with a motion to expand the record (Dkt. 7) and a memorandum (Dkt. 6). In his motion to expand the record to file the overlength memorandum, petitioner stated that he wished to provide an adequate factual record to substantiate each of his twelve grounds for relief. Dkt. 7, at 2. The memorandum consisted of two parts, totaling 166 pages. Dkt. 6.

1      On April 17, 2015, the magistrate judge issued an order denying petitioner's motion to
2 expand the record, concluding that the court's review is limited to the record that was before the
3 state court and that petitioner had not shown good cause for expanding the record. Dkt. 11. On
4 April 23, 2015, petitioner filed a motion for reconsideration. Dkt. 14.

5      On April 23, 2015, petitioner filed a motion to file a supplemental memorandum,
6 recognizing that the court had denied his motion to expand the record, and seeking to file a
7 "supplemental" memorandum in support of his petition for writ of habeas corpus. Dkt. 15. The
8 proposed 45 page supplemental memorandum was attached at Dkt. 15-1.

9      On April 29, 2015, the magistrate judge issued an order denying the motion for
10 reconsideration (Dkt. 14) and the motion to file a supplemental memorandum (Dkt. 15). *See* Dkt.
11 17 at 1. The court explained that, after respondent provides the state court record when he
12 answers the petition for writ of habeas corpus, "[p]etitioner may then file a traverse." Dkt. 17, at
13 1. The order directed the clerk's office to remove Dkt. 14 and 15 from the court's calendar. Dkt.
14 17.

15     On June 12, 2015, plaintiff filed an appeal of the order/s of the magistrate judge that
16 denied him the opportunity to file a memorandum in support of his petition for writ of habeas
17 corpus. Dkt. 20. That appeal should be considered objections pursuant to Fed.R.Civ.P. 72(a).
18 Petitioner contends that (1) because the April 29, 2015 order of the magistrate judge did not
19 specifically deny petitioner's motion regarding the memorandum, he thought the motion would
20 be considered on May 15, 2015; and it was not until petitioner received the updated case docket
21 that he knew that his motion regarding the memorandum was denied; and (2) petitioner's habeas
22 corpus petition, in which he identifies his grounds for relief, refers to the memorandum.
23 Petitioner requests that the court overrule the order denying him the opportunity to file the
24

ORDER OVERRULING PETITIONER'S
OBJECTIONS AND AFFIRMING ORDERS OF
THE MAGISTRATE JUDGE- 2

supplemental memorandum.  The court notes that petitioner later clarified that the supplemental memorandum filed as Dkt. 15-1 was intended to substitute for the memorandum he filed as Dkt. 6.  *See* Dkt. 22.

Fed. R. Civ. P. 72 provides in relevant part as follows:

> **(a) Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

**1.  Timeliness**

On April 17, 2015, the magistrate judge denied petitioner's motion to expand the record to include the materials filed as Dkt. 6.  On April 29, 2015, the magistrate judge denied petitioner's motion for reconsideration and his motion to file a supplemental memorandum included as Dkt. 15-1.  More than fourteen days elapsed before petitioner filed his objections to either order, on June 12, 2015.  Petitioner stated that the court's order denying his motion for reconsideration (Dkt. 17) did not deny his motion to expand the record.  The order clearly denied the motion.  Dkt. 17, at 1.  These objections are untimely and should be denied on that basis.

**2.  Merits**

Petitioner raised twelve claims for relief in his habeas corpus petition.  Respondent was ordered to respond to the petition and to file the state court record.  As petitioner was notified by the magistrate judge, he may file a traverse to respondent's answer. He may cite to the record in that traverse and may argue his claims at that time.

The court recognizes that petitioner is subject to a long sentence, and that this petition for writ of habeas corpus is important to him.  Petitioner should have the opportunity to present

argument in support of his claims. He presented his claims in his petition, and he may file a traverse after the record is filed and respondent files an answer. This case should proceed in an orderly fashion so that petitioner's claims can be addressed in light of the arguments of the parties and the state court record.  The orders of the magistrate judge that denied petitioner's motions to file memoranda in support of his petition for writ of habeas corpus are not clearly erroneous or contrary to law.

### 3. Conclusion

Petitioner's objections are untimely and without merit.  The order/s of the magistrate judge should be affirmed.

Accordingly, it is hereby **ORDERED** that petitioner's objections to the order/s of the magistrate judge (Dkt. 20) are **OVERRULED**, and the order/s (Dkt. 11 and 17) are **AFFIRMED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of June, 2015.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge