UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAMIEN DARNELL HARRIS,<br>　　　　　Petitioner,<br><br>　v.<br><br>MIKE OBENLAND,<br>　　　　　Respondent. | CASE NO. 3:15-CV-05191-RJB-JRC<br><br>ORDER |

　　　The District Court has referred this 28 U.S.C. § 2254 habeas corpus petition to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

　　　Before the Court are three motions – (1) petitioner's motion to clarify the wording on past filed pleadings and motion to amend (Dkt. 22); (2) petitioner's motion to expand the state court record (Dkt. 27); and (3) petitioner's motion for an evidentiary hearing (Dkt. 28). The

ORDER - 1

Court finds that petitioner's motion to amend is granted (Dkt. 27) and as a result, petitioner's two remaining motions (Dkts. 27, 28) are denied as moot.

On April 9, 2015, petitioner filed a petition for writ of habeas corpus (Dkt. 5), along with a motion to expand the record (Dkt. 7) and a memorandum (Dkt. 6). In his motion to expand the record to file the overlength memorandum, petitioner stated that he wished to provide an adequate factual record to substantiate each of his twelve grounds for relief (Dkt. 7 at 2). In the order denying petitioner's motion to expand the record, the Court explained that review of the petition is limited to the record that was before the state courts (Dkt. 11).

On April 23, 2015, petitioner filed a motion for reconsideration of his motion to file an overlength memorandum (Dkt. 14). He also filed a motion seeking to file a "supplemental" memorandum in support of his petition for writ of habeas corpus (Dkt. 15). The proposed 45 page supplemental memorandum was attached (Dkt. 15-1). On April 29, 2015, the Court denied plaintiff's motion for reconsideration (Dkt. 14) and the motion to file a supplemental memorandum (Dkts. 15, 17).

On June 12, 2015, plaintiff filed a motion for reconsideration of the order denying him the opportunity to file a supplemental memorandum in support of his petition for writ of habeas corpus (Dkt. 20). The district court judge denied petitioner's motion for reconsideration and affirmed the order of the undersigned (Dkt. 23).

On June 18, 2015, respondent answered the petition (Dkt. 24). Petitioner filed a motion to transfer the state court record and an objection to respondent's answer (Dkt. 27) and a motion for an evidentiary hearing and reply to respondent's answer (Dkt. 28). Petitioner then filed a submission of relevant state court records (Dkt. 29) and a declaration of trial testimony (Dkt. 30).

1.  Motion to Amend (Dkt. 22)

Petitioner asks the Court to change the mistaken wording in his "Motion to File Supp. Memorandum" to "Motion to Amend Memorandum," and allow the amended memorandum to be filed (Dkt. 22 at 3). To the extent that petitioner seeks to amend his petition and the attached memorandum of law, petitioner's motion is granted. To the extent that petitioner seeks to supplement his habeas petition with additional briefing or memorandum, petitioner's motion is denied.

A habeas petitioner's opportunity to amend as a matter of course, without permission of the Court, exists within 21 days of when the responsive pleading is served, and even then only once. Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course within … 21 days after service of a responsive pleading."); *Mayle v. Felix*, 545 U.S. 644, 665-66 (2005). After one amendment, or after the government files an answer or other response, a petitioner may not amend without the court's leave or the respondent's consent. *Id.*

Here, petitioner filed his motion to amend on June 15, 2015 (Dkt. 22), three days before respondent filed his response to the habeas petition – a responsive pleading – on June 18, 2015 (Dkt. 24). The Court therefore grants petitioner's motion to amend as a matter of course.

Petitioner is advised that the amended petition and memorandum will operate as a complete substitute for (rather than a mere supplement to) the original petition (Dkt. 5). In other words, an amended petition replaces the original in its entirety, making the original as if it never existed. Reference to a prior pleading or another document is unacceptable – once petitioner files an amended petition, the original petition and memorandum of law will no longer serve any function in this case. Plaintiff must file a new and complete amended petition on the court-

ORDER - 3

approved form and attach one memorandum in support of the petition that includes all arguments he wishes to consider. Petitioner should title this document "Amended Petition."

Petitioner is further advised that the memorandum in support of his petition may not exceed a total of fifty (50) pages absent leave of court and upon showing of good cause. The Court notes that upon review of the record and previously filed motions, good cause for permitting an over-length memorandum is not likely present. The Court may refuse to consider any text that is not included within the page limit. *See* Local Rule 7(e)(6).

2. Motion to Transfer the State Court Record (Dkt. 27) and Motion for Evidentiary Hearing (Dkt. 28)

Petitioner seeks to expand the state court record (Dkt. 27) and requests an evidentiary hearing (Dkt. 28). After petitioner amends his petition and respondent has an opportunity to file a supplemental answer, petitioner will then have the opportunity to file a reply, at which time he may submit additional portions of the state court record that he deems necessary. Upon receipt of respondent's supplemental answer and petitioner's reply, the Court will review the file to determine whether expansion of the record is necessary and whether an evidentiary hearing is required.  An evidentiary hearing will not be required unless consideration of disputed evidence outside the state court record appears necessary to the court. 28 U.S.C. § 2254 Rule 8. If it is determined that an evidentiary hearing is not required, the Court will make such disposition of the petition as justice requires pursuant to § 2254 Rule 8(a). Thus, as petitioner has leave to amend his petition, his motion to transfer the state court record and motion for an evidentiary hearing are denied as moot.

CONCLUSION

Petitioner's motion to file an amended petition (Dkt. 22) is granted. Petitioner's motion to expand the state court record (Dkt. 27) and his motion for an evidentiary hearing (Dkt. 28) are

ORDER - 4

denied as moot. Petitioner may file an amended petition and an attached memorandum of law that is no longer than fifty (50) pages by August 28, 2015. Respondent's supplemental answer, if any, is due by September 11, 2015. Petitioner's reply, if any, is due by September 25, 2015. If petitioner fails to submit an amended petition by August 28, 2015, this action will proceed on the original petition (Dkt. 5).

Dated this 29th day of July, 2015.

_____
J. Richard Creatura
United States Magistrate Judge