UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMIEN DARNELL HARRIS,

    Petitioner,

v.

MIKE OBENLAND.

    Respondent.

CASE NO. 3:15-CV-05191-RJB-JRC

ORDER ON MOTION TO EXPAND THE RECORD

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Currently before the Court is petitioner's motion to expand the record. Dkt. 33. In compliance with the Court's order, petitioner has filed an amended petition. Dkt. 33. The Court entered an order directing respondent to file an answer within 45 days. Dkt. 36. The deadline for respondent's answer has not yet passed. *See id.*

In petitioner's motion, he requests an order permitting him to expand the record to include a CD of phone-calls that were not introduced at trial because "the state never got them

transcribed nor produced them in it's [sic] Answer. Also, the state courts denied [petitioner] the right to supplement his PRP because petitioner could not get the calls described either." Dkt. 33 at 5-6. Petitioner also seeks to expand the record with three witness statements from Avery Garner "showing he did not want to testify and also showing he was not killed." Dkt. 33 at 6. Respondent did not file a response to petitioner's motion.

Under Rule 7(a) of the Rules Governing § 2254 cases, "if the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials to the petition. The judge may require that these materials be authenticated." The types of materials that may be submitted include, but are not limited to, "letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge," and affidavits. Rule 7(b), Rules Governing § 2254 cases. If the court directs record expansion, then "the party against whom the additional materials are offered" must have an opportunity to admit or deny their correctness. Rule 7(b), Rules Governing § 2254 cases.

Here, respondent has not yet filed an answer and the Court has not considered the record in detail. Thus, the Court cannot, at this time, determine if the phone calls and testimony petitioner seeks to include are already included in the state court record or whether the petition will be dismissed. Accordingly, the motion to expand the record is denied without prejudice. Plaintiff may renew the motion, if necessary, after the state court record has been submitted and the case has undergone initial screening.

Dated this 29th day of September, 2015.

J. Richard Creatura
United States Magistrate Judge

ORDER ON MOTION TO EXPAND THE
RECORD - 2