UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMIEN DARNELL HARRIS,

Plaintiff,

v.

MIKE OBENLAND,

Defendant.

CASE NO. 15-cv-05191 RJB

**ORDER ON REPORT AND
RECOMMENDATION**

This matter comes before the Court on the Report and Recommendation of Magistrate Judge J. Richard Creatura. Dkt. 45. The Court has considered Petitioner's Amended Petition (Dkt. 32), Respondent's Answer to the Amended Petition (Dkt. 38), Petitioner's Response to Respondent's Answer to the Amended Petition (Dkt. 43), Petitioner's Objections to the Report and Recommendation, and the remainder of the file herein.

The Amended Petition raises twelve grounds for habeas relief, each analyzed individually by the Magistrate Judge. Dkt. 45. Petitioner's Objections to the Report and Recommendation challenge Ground 1, Ground 2, Ground 3, Ground 5, and Ground 8.[1] *See* Dkt. 48. For the reasons

---

[1] "Petitioner concedes that grounds 4, 6, 7, 9, and 11 are not properly exhausted, but ground 2 is." Dkt. 48, at 1. Therefore, the Court need not provide additional analysis of these grounds beyond the Report and Recommendation, which the Court adopts as to these grounds. Petitioner's Objection makes no direct reference to Ground 8, Part 3, Ground 10, and Ground 12,

set forth below, the Report and Recommendation should be adopted in part. Except as to Ground 2, Part 1 and Ground 8, Part 1, which should be afforded the opportunity for further briefing, all claims should be dismissed and a certificate of appealability denied.

## I.    DISCUSSION

Ground 1: Double Jeopardy (Dkt. 48, at 23)

Petitioner's objection states in its entirety:

"Petitioner objects to Magistrates ruling that petitioner was not place in double jeopardy for his conviction for leading organized crime. See Magistrates Report at 20-17. Petitioner contends his convictions placed him in double jeopardy[*sic*]." Dkt. 48, at 23.

Petitioner's Objection raises nothing beyond what Petitioner raised in the Amended Petition, which the Report and Recommendation addresses, so no further analysis is needed. Dkt. 45, at 20-27. *See* Dkt. 48, at 23; Dkt. 32, at 5-7. The Court should adopt the Report and Recommendation as to Ground 1. This claim should be dismissed.

Ground 2: Confrontation Clause (Dkt. 45, at 14, 15)

Petitioner's Objection takes issue with the Report and Recommendation's conclusion that Petitioner's Confrontation Clause challenges should be barred for failure to exhaust state remedies. Dkt. 48, at 2. *See* Dkt. 32, at 7. The Amended Petition raises two Confrontation Clause challenges, one for "ten missing witnesses," whose statements were admitted at trial through police testimony, and another for a confidential informant, Scott Uchida, who was in DOC custody but Petitioner argues could have been transported for trial. Dkt. 32, at 7.

*Part 1—Ten missing witnesses*

but the Court concurs with the Report and Recommendation as to these grounds. *See generally*, Dkt. 48.

ORDER - 2

1    It appears that Petitioner did exhaust state remedies, contrary to Respondent's argument

2    and the conclusions of the Report and Recommendation. As Respondent concedes, Petitioner

3    properly raised the issue before the Washington State Supreme Court, Dkt. 25, Ex. 9, at 3, 4, but

4    Respondent argues that Petitioner did not complete a full round of appellate review, because he

5    failed to properly invoke the federal constitutional grounds to the Washington State Court of

6    Appeals. Dkt. 38, at 10. *See* Dkt. 25, at Exhibit 5, p. 6. Admittedly, when read in isolation, the

7    specific page that Respondent's briefing refers to, page six of Exhibit 5, raises only the factual

8    background with no mention of any federal constitutional violation. However, giving Petitioner

9    the benefit of a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), page six page

10   should be read in light of the Introduction, which frames Petitioner's entire briefing in

11   constitutional terms, specifically invoking the 6th Amendment. Dkt. 25, at Ex. 5, p. 2. Petitioner

12   sufficiently—though inartfully—raised the issue before both the Washington State Court of

13   Appeals and the Washington State Supreme Court. Petitioner exhausted state remedies.

14   Therefore, the Court should not adopt the Report and Recommendation as to Ground 2, Part 1.

15   This claim should not now be dismissed.

16   Given that Respondent's briefing does not address the merits of Petitioner's claim, the

17   parties should be given an opportunity to supplement their briefing to address the merits of the

18   claim, addressing whether adjudication of the claim (1) resulted in a decision that was contrary

19   to, or involved an unreasonable application of, clearly established Federal law; and (2) resulted

20   in a decision that was based on an unreasonable determination of the facts in light of the

21   evidence presented. 18 U.S.C. § 2254(d).

22   *Part 2—Confidential informant, Scott Uchida*

23

24

ORDER - 3

1    Although Petitioner sufficiently raised this confrontation issue to the Washington State

2    Court of Appeals, Dkt. 25, Ex. 5, at pp. 14, 15, providing both the facts and the federal

3    constitutional basis for the challenge, Petitioner did not properly raise the issue on subsequent

4    appeals, both direct and collateral, to the Washington State Supreme Court. *See* Dkt. 25, Ex. 8, 9,

5    12A, 12B, 13, 15, 19, 20, 21, 23.  Therefore, regarding the confidential informant, Petitioner did

6    not exhaust. The Court should adopt the Report and Recommendation as to Ground 2, Part 2.

7    This claim should be dismissed.

8    Ground 3: Discovery Violation (Dkt. 48, at 24)

9    Petitioner's Objection references a "4/22/08 phone call that was withheld [that] was key

10   to petitioner's motion to suppress search warrant 08-158." The Report and Recommendation

11   directly addressed this piece of discovery. Dkt. 32, at 9; Dkt. 45, at 27-30. The issue requires no

12   further consideration. The Court should adopt the Report and Recommendation as to Ground 3.

13   This claim should be dismissed.

14   Ground 5: Fourth Amendment (Dkt. 48, at 3-8)

15   Petitioner's Objection argues that Petitioner's evidence obtained from an unlawful

16   warrant resulted in an unconstitutional search, yielding evidence unlawfully obtained, which

17   ultimately led to Petitioner's arrest. Dkt. 48, at 3-5. Petitioner raised this issue before the

18   Magistrate Judge, Dkt. 32, at 12, and it requires no further analysis. *See* Dkt. 45, at 30-35. *See*

19   *also*, *Stone v. Powell*, 428 U.S. 465 (1976). The Court should adopt the Report and

20   Recommendation as to Ground 5. This claim should be dismissed.

21   Ground 8: Ineffective Assistance of Counsel (Dkt. 48, at 8-23)

22   *Part 1—Search warrant (08-152)*

23

24

1    Petitioner's Objection makes two primary arguments: (1) the Report and

2    Recommendation erred by relying on Respondent's analysis of Warrant 08-158 (search of safe

3    deposit box), because Petitioner's challenges conceirrns the underlying Warrant 08-152 (search

4    of Cathy Kruse's residence); and (2) assuming that Petitioner's counsel objected to Warrant 08-

5    152 at trial, "what effective counsel would object to evidence presented during trial which could

6    have been suppressed before trial?" Dkt. 48, at 8-16.

7    Petitioner is correct in part: Respondent's analysis, which the Report and

8    Recommendation appears to rely upon, errs by citing to the record for proceedings that addressed

9    Warrant 08-158 (search of safe deposit box), not Warrant 08-152 (search of Cathy Kruse's

10   residence). Dkt. 38, at 39, citing to Dkt. 25, at Ex. 27, 28. The proceedings did reference Cathy

11   Kruse's residence, *see e.g.,* Dkt. 25, at Ex. 8, p. 4, but the focus was Petitioner's challenge to

12   Warrant 08-158, which permitted law enforcement to search a safe deposit box, not to enter

13   Cathy Kruse's residence. Dkt. 25, at Ex. 8, pp. 13-19 (findings of fact). *See generally*, Dkt. 25, at

14   Ex. 7, 8. Therefore, the substantive issue of what Petitioner's attorney did or should have done

15   has not been addressed by Respondent. The Court should not adopt the Report and

16   Recommendation as to Ground 8, Part 1. This claim should not now be dismissed.

17   Given that Respondent's briefing does not address the merits of Petitioner's claim, the

18   parties should be given an opportunity to supplement their briefing to address the merits of the

19   claim, addressing whether adjudication of the claim (1) resulted in a decision that was contrary

20   to, or involved an unreasonable application of, clearly established Federal law; and (2) resulted

21   in a decision that was based on an unreasonable determination of the facts in light of the

22   evidence presented. 18 U.S.C. § 2254(d).

23

24

*Part 2—Failure to call witnesses*

Petitioner objects to the "magistrate's ruling that trial counsel was not ineffective for not calling Adrian Morris and Corey Scott as witnesses." Dkt. 48, at 17. Petitioner raises no new arguments; the issue needs no further consideration. *See* Dkt. 32, at 15; Dkt. 45, at 37-40.  The Court should adopt the Report and Recommendation as to Ground 8, Part 2. This claim should be dismissed.

*Part 4—Failure to solicit* [*sic*] *favorable testimony*

In the Amended Petition, Petitioner points to favorable evidence that his attorney failed to "solicit" (elicit) that Petitioner argues would have undermined the credibility of "Boyer, Bennetts and [Cassandra] Simmons[.]" Dkt. 32, at 16. The Report and Recommendation directly addresses this issue. Dkt. 42, at 53. Petitioner objects to the Report and Recommendation on the basis that trial counsel failed to elicit favorable testimony from Cassandra Simmons, Marcus Matthews, and Leonard Hamilton. Dkt. 48, at 19, 20. The Report and Recommendation addressed Cassandra Simmons, Dkt. 42, at 53, but Petitioner's first mention of Marcus Matthews and Leonard Hamilton is found in Petitioner's "Reply," which is untimely. *See* Dkt. 43, at 13-15; Dkt. 32.

Even setting the untimeliness issue aside, Petitioner failed to exhaust. Petitioner's underlying Motion for Discretionary Review references witnesses "Boyer, Bennett, and [Cassandra] Simmons," but makes no mention of Marcus Matthews and Leonard Hamilton. Dkt. 25, Ex. 19, at 10, 11. Therefore, Petitioner did not exhaust available state remedies in raising the issue of whether the failure of Petitioner's attorney to solicit favorable testimony from Marcus Matthews and Leonard Hamilton constituted ineffective of counsel. The Washington State Supreme Court used general language when declining review of Petitioner's claim, which at first

glance could seem to suggest that the Petitioner did exhaust, but Petitioner's briefing shows otherwise. Dkt. 25, Ex. 22, at 3 ("Mr. Harris also contends that defense counsel . . . failed to elicit favorable testimony from witnesses. . . Mr. Harris's claim regarding favorable testimony is speculative.) And even if Petitioner had exhausted, Petitioner has not shown that any error was of constitutional magnitude. *See* Dkt. 43, at 13-15.  The Court should adopt the Report and Recommendation as to Ground 8, Part 4. This claim should be dismissed.

> *Part 5—Soliciting unfavorable testimony/evidence*

Petitioner's Objection states that he suffered ineffective assistance of counsel because "[t]here was no tactical basis for opening the door to that line of questioning. See Reply at 19-21." Petitioner's "Reply" argues that Petitioner's counsel was ineffective for soliciting unfavorable testimony and evidence from witnesses Dave Miller and Boyer, but the Amended Petition raises the exact same issue, which the Report and Recommendation directly addresses. Dkt. 32, at 17; Dkt. 45, at 43. The Court should adopt the Report and Recommendation as to Ground 8, Part 5. This claim should be dismissed.

> *Part 6—Failure to play phone calls*

Petitioner's Objection argues that the failure of Petitioner's attorney to introduce two phone calls into evidence constitutes ineffective assistance of counsel. Dkt. 48, at 21, 22. One of the phone calls, made on April 19, 2008, is considered by the Report and Recommendation and warrants no further discussion. Dkt. 45, at 44, 45. Petitioner's Objection raises another phone call, made on May 5, 2008. Dkt. 48, at 21, 22. However, Petitioner is untimely, raising the issue for the first time in Petitioner's Objection, not the Amended Petition or even Petitioner's "Reply." Dkt. 48, at 22. *See generally*, Dkts. 32, 43.

1    The issue is also ultimately without merit. Petitioner's Objection refers to a "phone call

2    dated: May 5, 2008 (1137 hrs)," which Petitioner has transcribed. Dkt. 48, at 22. *See* Dkt. 47.

3    Petitioner states that "this call shows [witness Michael] Boyer was to get $500.00 to beat up

4    and/or intimidate [witness] Cyrus . . . There is no reason why trial counsel did not play this call

5    to impeach Boyer's testimony that he was offered $5,000 to kill Cyrus." Dkt. 48, at 22. However,

6    Petitioner's attorney had no reason to play the tape to impeach the witness, Mr. Boyer, because

7    the call was already admitted into evidence, authenticated by Mr. Boyer himself on direct

8    examination by the prosecution. Dkt. 25, Ex. 29, Report of Proceedings page 1180, line 21. And

9    even if Petitioner's attorney had used the phone call—which was in evidence— to impeach Mr.

10    Boyer, Petitioner makes no showing that the difference in money, $500 versus $5,000, could

11    constitute a constitutional violation. *See* Dkt. 48, at 22. The Court should adopt the Report and

12    Recommendation as to Ground 8, Part 7. This claim should be dismissed.

13        *Part 7—Failure to impeach witnesses*

14        Petitioner's Objection notes only that Petitioner objects to the Report and

15    Recommendation, without providing any additional basis for the Court to reject the Report and

16    Recommendation. The issue requires on further consideration. The Court should adopt the

17    Report and Recommendation as to Ground 8, Part 7. This claim should be dismissed.

18        *Part 8—Failure to exclude St. Ex. 108*

19        Petitioner's Objection argues that "trial counsel should have moved to suppress this

20    evidence [Exhibit 108, a handwritten note] before trial based on the fact no handwriting test was

21    done and the state never produced the informant who gave them the letter." Dkt. 48, at 22. This

22    argument is unavailing, because as the Report and Recommendation points out, Petitioner's trial

23    counsel objected to the admission of Exhibit 108 during trial. Whether counsel made the

24

1  objection before or during trial, although perhaps of strategic importance, has no constitutional

2  significance. The Court should adopt the Report and Recommendation as to Ground 8, Part 8.

3  This claim should be dismissed.

4      *Part 9—Failure to Exclude St. Ex. 60 and 110*

5       Petitioner argues that his trial counsel was ineffective for "[f]ailing to suppress St. Ex. 60

6  before trial [and] not objecting to the exhibit[.]" Dkt. 48, at 23. The Report and Recommendation

7  analyzes this precise issue. Dkt. 45, at 48, 49. *See* Dkt. 32, at 18. The issue requires no further

8  consideration.  The Court should adopt the Report and Recommendation as to Ground 8, Part 9.

9  This claim should be dismissed.

10  Certificate of Appealability (Dkt. 48, at 24)

11      Petitioner objects to the recommendation that Petitioner be denied a certificate of

12  appealability, but Petitioner's Objection provides no additional analysis. The Court should adopt

13  the recommendation to deny the certificate of appealability as to all claims, except as to Ground

14  2, Part 1 and Ground 8, Part 1, which may require additional briefing.

15                    **II.    ORDER**

16      THEREFORE, the Court ADOPTS the Report and Recommendation, EXCEPT as to

17  Ground 2, Part 1 and Ground 8, Part 1.

18      Petitioner's Amended Petition for Habeas Relief (Dkt. 32) is DENIED, EXCEPT as to

19  Ground 2, Part 1, and Ground 8, Part 1. All claims except Ground 2, Part 1 and Ground 8, Part 1,

20  are DISMISSED.

21      As to Ground 2, Part 1 and Ground 8, Part 1 the Amended Petition for Habeas Relief is

22  continued for the parties to file supplemental briefing, if any. The parties shall observe the

23  following filing deadlines for supplemental briefing:

24

1        Respondent's Supplemental Response, if any: **Friday, Feb. 26, 2016**

2        Petitioner's Supplemental Reply, if any: **Friday, March 11, 2016**

3    Petitioner's request for a certificate of appealability pursuant to § 2254 is DENIED as to

4   all claims except Ground 2, Part 1 and Ground 8, Part 1.

5        **DATED** this 19th day of February, 2016.

6

7

        ROBERT J. BRYAN
8        United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24