UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAMIEN DARNELL HARRIS,<br><br>                Petitioner,<br><br>     v.<br><br>MIKE OBENLAND,<br><br>                Respondent. | CASE NO. 3:15-cv-05191-RJB<br><br>ORDER ON MOTION FOR RECONSIDERATION |

THIS MATTER comes before the Court on Petitioner's Motion for Reconsideration. Dkt. 54. *See* Dkt. 52. The Court has considered the motion and the remainder of the file herein.

Petitioner challenges the dismissal of three subparts of his petition: Ground 2, Part 2; Ground 8, Part 4; and Ground 8, Part 6. Dkt. 54. *See* Dkt. 32. The Court has already requested supplemental briefing and awaits the parties' submissions, if any, on Ground 2, Part 1 and Ground 8, Part 1. Dkt. 52.

<u>Ground 2, Part 2</u> (Confrontation Clause, Confidential Informant Scott Uchida)

Petitioner argues that the Court erred by dismissing this claim for failure to exhaust state remedies. Dkt. 54, at 2-4. *See* Dkt. 52, at 3, 4. The Court's Order states that "[a]lthough

Petitioner sufficiently raised this issue to the Washington State Court of Appeals . . . Petitioner did not properly raise the issue . . . to the Washington State Supreme Court." Dkt. 52, at 4.

Petitioner's motion points to Exhibit 19, which Petitioner argues shows that Petitioner directly raised his Confrontation Clause argument to the Washington State Supreme Court in a Petition for Review. Dkt. 54, at 2. It appears that Petitioner may be correct. In Petitioner's Petition for Direct Review, which the Washington State Supreme Court denied, Dkt. 25, at Ex. 22, Petitioner squarely raised both the factual and constitutional basis for the claim. Dkt. 25, Ex. 19, at p. 29. The motion should be granted in part, and the dismissal of this claim vacated for additional briefing on its merits.

The parties should have the opportunity to brief the merits of this claim (Ground 2, Part 2), addressing whether the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law; and (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 18 U.S.C. § 2254(d). Ordinarily, when the Court reconsiders an Order, the Court would invite the opposing party to provide a response, but in this case, given the supplemental briefing already scheduled, Respondent will have the opportunity to brief this claim along with Ground 2, Part1 and Ground 8, Part 1.

Ground 8, Part 4 (Failure to solicit [*sic*] favorable testimony)

The motion should be denied as to this subpart. *See* Dkt. 52, at 3, 4; Dkt. 45, at 41, 42.

Ground 8, Part 6 (Failure to play phone calls)

The motion should be denied as to this subpart. *See* Dkt. 52, at 7, 8; Dkt. 45, at 44-46.

\* \* \*

ORDER ON MOTION FOR RECONSIDERATION-
2

1  THEREFORE, Petitioner's Motion to Reconsider (Dkt. 54) is GRANTED IN PART as to
2  Ground 2, Part 2. The dismissal of Ground 2, Part 2 is vacated. The parties shall provide briefing
3  of Ground 2, Part 2, if any, in accordance with the briefing schedule for Ground 2, Part 1 and
4  Ground 8, Part 1. *See* Dkt. 52.
5  The motion is otherwise denied.
6  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
7  to any party appearing *pro se* at said party's last known address.
8  Dated this 3rd day of March, 2016.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION-
3